BT THE COURT.
The judgments unsatisfied, the executions and insolvency of the defendants are beyond dispute in the case. The proof also appears to us conclusive, that Joseph Williams, when the Bank of Mansfield closed its doors, was apparently a man in easy circumstances, having land, including the quarter section ten, and a considerable stock on the land, and other personal property. He became alarmed as to his liability on account of the bank, and made a pretended sale at auction of his personal property. It was purchased in by his children and other friends, with money furnished by himself, and left on the farm, where he and the sons *451 lived, as the property of the children. That the quarter section ten held by permanent lease,-was then worth several hundred dollars, but in order to protect it from his creditors and those of the bank, he suffered it to become forfeit, by the non payment of twenty dollars rent, and to go to sale at public auction. He furnished his son the monejr to buy it with, silenced competition, and the son purchased and took a title to himself. The property has since been occupied by the father under a pretended lease from the son. The son died without other claim to the land. The father discloses no title, nor is any disclosed in behalf of the heirs of Amos Williams.
From this state of fact, we have no doubt but Amos took the title to the quarter section as trustee of his father; a trust resultingfrom the fact that the father furnished the purchase money. At his death, the land passed to the children in like trust, and is so held by the defendants. It is in equity the property of the judgment debtor and liable to satisfy the judgments. Decree, that if the money is not paid within sixty days, the land be sold to satisfy the judgments.